IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN G. SLUTZKER, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:18-cv-00157 |
| | ) | |
| vs. | ) | |
| | ) | HON. RICHARD A. LANZILLO |
| MARK CAPOZZA, Superintendent, | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| Respondent | ) | ORDER ON PETITIONER'S MOTION |
| | ) | FOR LEAVE TO CONDUCT |
| | ) | DISCOVERY PURSUANT TO HABEAS |
| | ) | RULE 6 |
| | ) | |
| | ) | ECF NO. 6 |

Petitioner Steven G. Slutzker ("Slutzker") has filed a motion seeking leave to conduct discovery . ECF No. 30. For the reasons that follow, the motion is DENIED without prejudice to it being refiled upon the docketing of Slutzker's Amended Petition. *See* ECF No. 27.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). *See also Harris v. Nelson*, 394 U.S. 286, 300 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding."). Discovery is authorized in Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Court only by leave of court upon a showing by the petitioner of "good cause," which may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief[.]" *Harris*, 394 U.S. at 300. *See also Bracy*, 520 U.S. at 908-09; *Lee v. Glunt*, 667 F.3d 397, 404 (3d Cir. 2012). The "burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011).

1

In his motion, Slutzker asks for leave to pursue production of the records relating to the 1975 death of John Mudd, Jr., from the Wilkinsburg Police Department, Allegheny County District Attorney's Office, Edgewood Police Department, Allegheny County Police Department, and the Allegheny County Crime Lab. *See* ECF No., 30, p. 21-22. However, Slutzker's Amended Petition has yet to be filed. By previous order of this Court, it is due on or before November 22, 2021. *See* ECF No. 27. Therefore, Slutzker essentially seeks pre-petition discovery.[1]

Federal district courts do not have authority to order prepetition discovery in habeas cases. *See Calderon v. U.S. Dist. Court for the Northern Dist. of California*, 98 F.3d 1102, 1106–07 (9th Cir. 1996). Although the Court of Appeals for the Ninth Circuit discussed a number of factors that militated against permitting pre-petition discovery, the fundamental barrier was determined to be the lack of context against which good cause could be measured; without the claims, a district court cannot "determine the propriety of discovery." *See also United States v. Cuya*, 964 F.3d 969, 972-74 (11th Cir. 2020) (holding that a petitioner is not entitled to file a motion for discovery in anticipation of later filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, before such a motion is actually filed) (citing *Brown v. United States,* 438 F.2d 1385, 1385 (5th Cir. 1971); *Skinner v. United States*, 434 F.2d 1036, 1037 (5th Cir. 1970); *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970)); *Orbe v. True*, 201 F. Supp. 2d 671, 680–81 (E.D. Va. 2002) ("federal district courts do not have authority to order prepetition discovery in capital habeas cases"). *See also United States v. Johnson*, 2017

---

[1] Slutzker's motion could arguably be considered a post-petition request given that he has filed a pro se petition. *See* ECF No. 1. In this original petition, Slutzker raised numerous claims arguing his entitlement to relief because his prosecution was barred by a 29-year delay; prosecutorial misconduct; the denial of a recusal motion; insufficient evidence; and the ineffective assistance of both trial and appellate counsel, among other issues. *See id.*, pp. 3-4. However, since appointing the Office of the Federal Public Defender to represent Slutzker, counsel has requested leave to file an Amended Petition. *See* ECF Nos. 5, 10. The forthcoming Amended Petition, according to Slutzker's counsel, will include a claim that his retrial should have been barred by the extensive delay and new ineffectiveness of counsel claims, among other grounds for relief. *See* ECF No. 25, pp. 2-3. Thus, the Court will consider this motion to be a request for pre-petition discovery.

2

WL 3034928, at *1 (W.D. Pa. July 18, 2017); *Johnson v. Lamas*, 2011 WL 2982692, at *4 n.6 (E.D. Pa. July 21, 2011).

    Here too, the Court is unable to determine the propriety of the requested discovery, given the lack of an operative petition.  Slutzker's motion is therefore **DENIED** without prejudice.  Once Slutzker has filed his Amended Petition outlining his factual allegations, and the Respondent has an opportunity to respond to the Amended Petition, he may refile his request for discovery and may be able to obtain Rule 6 discovery upon a showing of good cause.  *See, e.g., Morales v. Dist. Att'y of Allegheny Cty.*, 2017 WL 5467703, at *2 (W.D. Pa. Nov. 14, 2017).

    Ordered and Entered this 21st day of October, 2021.

_____
HON. RICHARD A. LANZILLO
United States Magistrate Judge